**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WALTER WALLACE, JR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | 4:19-cv-00136-RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Walter Wallace, Jr.'s motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1). For the reasons discussed below, the motion appears to be time-barred. As such, the Court will order movant to show cause why the motion should not be summarily dismissed.

### Background

On November 8, 2011, movant pled guilty to robbery of a federally insured institution and possession of a firearm in furtherance of a crime of violence. *United States v. Wallace*, No. 4:11-cr-186-RWS (E.D. Mo. Nov. 8, 2011). On January 24, 2013, he was sentenced to 57 months on the robbery charge, and 84 months on the possession of a firearm charge, the sentences to be run consecutively. Movant did not file a direct appeal.

Movant filed his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on January 22, 2019, by placing it in the prison mail system.[1] (Docket No. 1 at 12). He states as his sole ground for relief that his attorney was ineffective for failing to file an appeal after judgment. (Docket No. 1 at 4).

---

[1] Under the prison mailbox rule, a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

**Discussion**

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019). An unappealed criminal judgment becomes final when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); and *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005). In a criminal case, a defendant's notice of appeal must be filed in the district court within fourteen days. Fed. R. App. Proc. 4(b)(1).

Here, movant was sentenced on January 24, 2013. He had fourteen days in which to file an appeal, which he did not do. Thus, his judgment became final on February 7, 2013, fourteen days after his sentencing. Movant did not file his § 2255 motion until January 22, 2019, five

years, eleven months, and fifteen days after his judgment became final. As such, his motion was filed beyond the one-year limitations period and appears time-barred.

Movant, however, asserts that his motion is subject to the doctrine of equitable tolling because his attorney's failure to perfect his direct appeal constituted abandonment by counsel. (Docket No. 1-1 at 5).

The limitations period for 28 U.S.C. § 2255 motions is not jurisdictional and is therefore subject to the doctrine of equitable tolling. *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016). The doctrine of equitable tolling provides an "exceedingly narrow window of relief." *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013). "The one-year statute of limitation may be equitably tolled only if the movant shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013). The extraordinary circumstances must not be attributable to the movant and must be beyond his or her control. *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009). The movant must also demonstrate that he acted with due diligence in pursuing his petition. *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006). The use of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002).

Equitable tolling is applicable when "the government's conduct lulled the movant into inaction through reliance on that conduct." *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006). However, "confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions take in prior post-conviction proceedings are inadequate to warrant equitable tolling. *Id*. Equitable tolling is also not warranted by a pro se

litigant's lack of legal knowledge or resources. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); and *United States v. Bell*, 68 Fed. Appx. 762, 2003 WL 21523470, at *2 (8th Cir. 2003) (applying *Kreutzer* to a § 2255 motion).

Movant states that he "vividly recalls asking counsel to appeal." (Docket No. 1-1 at 2). He alleges that his attorney promised to confer with him on the matter. He further claims that from January 25, 2013 to the present day, he has written a "prolific amount of letters advising counsel that [he] wished to appeal the sentence imposed by the court." The only specific instance he points to, however, is an October 9, 2013 phone conference he had scheduled with his attorney. Movant states that his attorney failed to answer the phone or "make an earnest attempt to re-schedule the phone conference." He asserts that he only "discovered" that no direct appeal had been filed in December 2018. (Docket No. 1 at 11).

Even assuming that his attorney's failure to file a direct appeal constitutes an extraordinary circumstance, movant has not shown that he has pursued his rights diligently. That is, nearly six years have elapsed since movant's judgment became final, and movant has made no effort to explain why he waited so long to take action or why it took him until December 2018 to learn that no appeal had been filed. *See Murray v. United States*, 313 Fed. Appx. 924, 2009 WL 590021, at *1 (8th Cir. 2009) (explaining that even assuming that movant asked his attorney to file a direct appeal, movant did not exercise diligence in discovering that no appeal had been filed when his attorney's office told him he was no longer represented; he did not contact the court to check whether an appeal had been filed; and he did not mention a direct appeal when requesting 28 U.S.C. § 2255 forms).

Before dismissing a case for untimeliness, a court must accord the movant fair notice and an opportunity to present his position. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

Therefore, movant will be directed to show cause why the doctrine of equitable tolling should apply to his case. In particular, he must make a showing that he diligently pursued his rights in this matter, in order to explain to the Court why it took him so long to discover that no direct appeal had been filed and why it took so long to file the instant motion.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than **thirty (30) days** from the date of this order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this order, his § 2255 motion will be dismissed without further proceedings.

Dated this 24th day of April, 2019.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE